

Opinions of the United
States Court of Appeals
for the Third Circuit

2012 Decisions

10-4-2012

# In Re: Abraham Nee Ntreh

Precedential or Non-Precedential: Non-Precedential

Docket No. 12-3634

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2012

Recommended Citation

"In Re: Abraham Nee Ntreh " (2012). *2012 Decisions.* Paper 305.
http://digitalcommons.law.villanova.edu/thirdcircuit_2012/305

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2012 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3634
_____

In Re:  ABRAHAM NEE NTREH,
Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of the Virgin Islands
(Related to D.C. Crim. No. 1:02-cr-00007-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 27, 2012

Before:  FUENTES, GREENAWAY, JR., and BARRY, Circuit Judges

(Opinion filed: October 4, 2012)
_____

OPINION
_____

PER CURIAM

We discussed the unusual background of Ntreh's criminal case in a previous
opinion, see In re Ntreh, 401 F. App'x 686 (3d Cir. 2010) (per curiam), and will
not repeat ourselves here.  According to his mandamus petition, in March 2012
Ntreh formally waived his right to be present during his resentencing; having now
provided such a waiver, Ntreh argues that our intervention is necessary to ensure

his resentencing. To the contrary: the District Court docket reflects that Ntreh's pending motions, including his request to set a firm sentencing date (the last of which was scheduled for February 2012, but was continued), will be heard at an omnibus hearing to take place in December 2012.[1] It appears that the District Court intends to exercise its jurisdiction in due course, see In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000), and we detect no other extraordinary factors that would suggest that mandamus relief is warranted at this time. See Birdman v. Office of the Governor, 677 F.3d 167, 174 (3d Cir. 2012). Accordingly, Ntreh's petition for mandamus will be denied, without prejudice to his renewing the request should the delay in District Court become newly protracted. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

---

[1] The December date is due to the assigned District Judge being on medical leave. We note that this scheduling order was entered after Ntreh filed his mandamus petition, so he would not have been aware of it at the time.